UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO ALONSO BANOS-JIRON (A-Number**:** 097-735-757),<br><br>        Petitioner,<br><br>   v.<br><br>TODD M. LYONS, *et al.*,<br><br>        Respondents. | Case No.  1:26-cv-00716-KES-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Docs. 1, 14)<br><br>**7-Day Objection Period** |

Petitioner Gerardo Alonso Banos-Jiron ("Petitioner"), a federal immigration detainee proceeding by counsel, initiated this action on January 27, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). At the time of the filing of the petition, Petitioner was in custody of Immigration and Customs Enforcement ("ICE") at the Mesa Verde ICE Processing Center. *Id.* ¶ 1. Petitioner filed a motion for temporary restraining order ("TRO") that same day. (Doc. 2). The Court directed Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in similar cases. (Doc. 4).

On February 6, 2026, Respondents filed a response. (Doc. 10). At the Court's direction, both sides filed supplemental briefing. *See* (Docs. 11-13). On April 10, 2026, the Court converted the motion to a motion for preliminary injunction, granted it, and ordered Respondents to release Petitioner immediately. (Doc. 14). The assigned district judge referred the matter to

the undersigned for further proceedings. *Id*. at 11.

On April 14, 2026, the undersigned ordered Respondents to file either any supplemental briefing on the merits of the petition or a statement of intent to file no further briefing. (Doc. 15). On April 27, 2026, Respondents filed a statement of intent to file no further briefing, representing that they submit on the previously filed pleadings. (Doc. 16).

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The undersigned finds that, for the reasons addressed in the Court's order granting a preliminary injunction—that ICE violated its regulations under 8 C.F.R. § 241.13(i) and Petitioner's rights under the Due Process Clause of the Fifth Amendment to the U.S. Constitution when it revoked his release—the petition should be granted. *See* (Doc. 14 at 4-10).

**Conclusion and Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (Doc. 1) be GRANTED.

2.  The Clerk of the Court be DIRECTED to enter judgment in favor for Petitioner and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within seven (7) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Although this objection period is shorter than provided by Local Rule, such an adjustment is warranted given the nature of Petitioner's harm, the finding of a violation of the U.S. Constitution by Respondents, and the fact that the parties have extensively briefed the issues involved. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) ("The court may require a response within a shorter period if exigencies of the calendar require."). Any objections filed should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with

specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these findings and recommendations under 28 U.S.C. § 636(b)(l)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 1, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3